IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| RODREGUS WATTS, | : | |
| Plaintiff, | : | |
| VS. | : | 7 : 13-CV-122 (HL) |
| WARDEN MARTY ALLEN, | : | |
| Defendant. | : | |

**ORDER and RECOMMENDATION**

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 is a Motion to Dismiss filed by the Defendant.  (Doc. 14).   The Court notified the Plaintiff of the filing of the Defendant's Motion to Dismiss and directed him to respond thereto within thirty (30) days of the Court's Order.  (Doc. 16).   The Plaintiff has filed a response to this motion.  (Doc. 17).

Plaintiff filed this action in September 2013, raising allegations that he is being denied a vegan diet.  (Doc. 1).   The Court ordered the Plaintiff to file a recast Complaint on September 30, 2013, and provided that "[o]nce filed, the recast Complaint will be substituted for and considered in place of the original Complaint."   (Doc. 6).   Plaintiff's recast Complaint was filed on October 21, 2013 (Doc. 7), and the Court directed service of this recast Complaint on October 25, 2013 (Doc. 9).   Plaintiff maintains that he arrived at Valdosta State Prison on May 3, 2013, and was told by Warden Allen that because of Plaintiff's gang affiliation, he would not receive vegan meals or be transferred to a prison that provides such meals.   (Doc. 7).   Plaintiff maintains that he is being wrongfully accused of gang affiliation, and seeks the clearing of his name regarding gang affiliation, a transfer to a prison that provides vegan meals, and compensatory damages.   *Id.*

Plaintiff filed a memorandum in support of his original Complaint on September 30, 2013, wherein he appears to add new claims to the original Complaint. (Doc. 5). However, in light of the pronouncements in the Court's Order directing Plaintiff to file a recast Complaint, the Plaintiff's recast Complaint is substituted for Plaintiff's original Complaint and any supplements thereto. (Doc. 6).

Defendant Allen has filed a Motion to Dismiss, asserting that the Plaintiff has not adequately set forth claims for denial of religious freedom or cruel and unusual punishment, and cannot recover damages for his claims under the Prison Litigation Reform Act ("PLRA"). (Doc. 14).

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the "well-pled allegations must nudge the claim across the line from conceivable to plausible." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009). Although the Court

must accept as true all of the factual allegations in the Complaint, this standard does not apply to legal conclusions in the Complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### *First Amendment claims*

The Court notes that the Plaintiff does not assert that his vegan diet preferences are tied to any religious tenet or religious belief. *See*, Doc. 7. To the extent that the Plaintiff's claims can be interpreted to include a challenge to the denial of vegan meals on the basis of a free exercise of religion claim, he has failed to state a plausible claim for relief under the First and Fourteenth Amendments. The Free Exercise Clause of the First Amendment "requires government respect for, and noninterference with, the religious beliefs and practices of our Nation's people." *Cutter v. Wilkinson*, 544 U.S. 709, 719 (2005). Prisoners retain their First Amendment rights, although certain limitations or restrictions may be necessary within the prison system. *Brunskill v. Boyd*, 141 Fed.Appx. 771, 774 (11th Cir. 2005). To survive a motion to dismiss, "a plaintiff must allege a constitutionally impermissible burden on a sincerely held religious belief", which the Plaintiff has not done. *GeorgiaCarry.Org., Inc. v. Ga.*, 687 F.3d 1244, 1256 (11th Cir. 2012).

Additionally, to the extent that the Plaintiff has attempted to state a claim based on alleged "gang member" classification by the Defendant, Plaintiff has failed to state a plausible claim for relief. "To state a claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he] was deprived of a right secured by the Constitution or laws of the United States" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49 (1999). Plaintiff does not allege that his designation as a gang member amounts to anything more than a verbal

threat or allegation by the Defendant, and as such his assertions in this regard fail to state a claim for relief under § 1983.  "Derogatory, demeaning, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation."  *Johnson v. Brown*, 2012 WL 6846322 *3 (M.D.Ala., Dec. 3, 2012) *citing Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989); *cf. Sumler v. Lipsey*, 2008 WL 5146621 *1 (M.D.Ga., Dec. 8, 2008) (HL) (allegations that defendant jail administrator made threats against the plaintiff in retaliation for plaintiff's exercise of protected free speech stated claim for relief under the First Amendment).

*Eighth Amendment claims*

In regard to Plaintiff's claims that the denial of a vegan diet is a condition of confinement that violates the Eighth Amendment, the Plaintiff has failed to state a claim upon which relief may be granted.  To establish a cause of action based on conditions of confinement, a plaintiff must prove both an objective and subjective component.  Such a claim "requires a two-prong showing: an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities' and a subjective showing that the official had a 'sufficiently culpable state of mind.'"  *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (*quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  Regarding the objective component of a conditions of confinement claim, "[a] prison condition is unconstitutional only if it deprives the plaintiff of a human need, or otherwise poses an unreasonable risk of serious damage to his future health or safety."  *Evans v. St. Lucie County Jail*, 448 Fed.Appx. 971, 974 (11th Cir. 2011) (*internal citations omitted).*  In order to satisfy the subjective component, the plaintiff must show that

the defendants acted with deliberate indifference, composed of "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence."  *Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003).

Taking the allegations of the recast Complaint as true and construing them in the light most favorable to the Plaintiff, Plaintiff has failed to state a plausible claim for relief under the Eighth Amendment.   Plaintiff does not allege that he was denied food entirely, nor does he state a length of time during which he was allegedly denied vegan meals.   Plaintiff does not allege any sort of injury resulting from any denial of a certain type of food or diet.   Under these circumstances, Plaintiff has not stated a viable Eighth Amendment claim.   *See Hernandez v. Florida Dep't. of Corrections*, 281 Fed.Appx. 862, 866 (11th Cir. 2008) (claim that prisoner was denied lunch for five days per week for five months did not violate the Eighth Amendment; "He did not allege that he was deprived of the two other daily meals or that he suffered physical harm from the deprivation, and under these circumstances, he did not allege a deprivation that posed an unreasonable risk of serious damage to his health.").

Barring a religious connection or implication, a claim of dissatisfaction with the food provided by the prison is not a claim of constitutional magnitude.  *See Farmer*, 511 U.S. at 834 (a deprivation does not become a constitutional violation unless it "result[s] in the denial of the minimal civilized measure of life's necessities"); *Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985) ("A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required.").   "The Constitution does not require that prisoners, as individuals or as a group, be provided with any and every amenity which some person may think is needed to avoid mental, physical, and emotional deterioration."  *Harris v. Thigpen*,

941 F.2d 1495, 1511 (11th Cir. 1991).

Accordingly, inasmuch as the Plaintiff has failed to state a plausible claim for relief, it is the Recommendation of the undersigned that the Defendant's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Motion for Appointment of Counsel*

Plaintiff's Motion for Appointment of Counsel (Doc. 18) is **DENIED** as moot.

**SO ORDERED and RECOMMENDED**, this 14th day of May, 2014.

s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE

asb